```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
WADE PARK LAND HOLDINGS, LLC, et al.,                            :
                                                                 :
                        Plaintiffs,                              :
                                                                 :     21-cv-1657 (LJL)
        -v-                                                      :
                                                                 :     OPINION AND ORDER
JONATHAN KALIKOW, et al.,                                        :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/06/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Wade Park Land, LLC ("WP Land"), Wade Park Land Holdings, LLC ("WPL Holdings"), and Thomas Family Trust (or "Trust") (collectively, "Plaintiffs") brought seventeen claims against defendants Jonathan Kalikow ("Kalikow"), WP Development Partners, LLC ("WP Development Partners"), Gamma Lending Omega, LLC ("Gamma Lending Omega"), Gamma Real Estate Capital, LLC ("Gamma Real Estate Capital"), and GRE WP, LLC ("GRE WP") (collectively, "Defendants") related to the financing and development of two parcels of land outside Dallas, Texas, known as Wade Park. Dkt. No. 5. Defendants moved to dismiss the operative first amended complaint ("Complaint") against them. Dkt. No. 39. On March 4, 2022, the Court granted Defendants' motion and dismissed the Complaint with prejudice. Dkt. No. 58; *see also Wade Park Land Holdings, LLC v. Kalikow*, 2022 WL 657664, at *39 (S.D.N.Y. Mar. 4, 2022). Three days later on March 7, 2022, the Clerk of Court entered judgment in favor of Defendants. Dkt. No. 59.

Plaintiffs now move to amend the judgment and for leave to file a second amended complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and 59(e) and Federal Rules of Bankruptcy Procedure 7015 and 9023. Dkt. No. 67. In particular, Plaintiffs seek to replead their

two claims for fraudulent transfer under federal law and Georgia law and to add a claim for fraudulent inducement under New York law (as opposed to Georgia law). Dkt. No. 69 at 1–2.

For the following reasons, Plaintiffs' motion to amend the judgment and for leave to file a second amended complaint is granted in part and denied in part.

## BACKGROUND & PROCEDURAL HISTORY

Familiarity with the facts of the case and of the Court's March 4, 2022 Opinion and Order, Dkt. No. 58, is assumed, and the same defined terms are used herein. In brief, Plaintiffs allege that a temporary bridge loan from one of the Defendants devolved into a fraudulent scheme by Defendants to take control of Wade Park. *Id.* at 2. For convenience, the Court recounts the most relevant allegations and procedural history below.

The case originated as an adversary proceeding in the United States Bankruptcy Court for the Northern District of Georgia before the United States District Court for the Northern District of Georgia withdrew the reference to the Bankruptcy Court. *Id.* at 1. The United States District Court for the Northern District of Georgia dismissed a defendant from the case before transferring the case to the United States District Court for the Southern District of New York. *Id.* at 20–21. Before the case was transferred, the parties had fully briefed Defendants' motion to dismiss. *Id.* at 21. After the case was transferred, Defendants argued to this Court that re-briefing or supplemental authority was required to "cit[e] the law most appropriate to this venue." Dkt. No. 35 at 2. In particular, Defendants pointed out that "the choice of law is different for actions pending in this Court pursuant to a forum selection clause than in the Georgia federal court"; that "New York law, rather than Georgia law, applies to plaintiffs' tort claims"; and that, "with respect to the federal claims, the parties' briefs focused on Eleventh Circuit precedent rather than Second Circuit precedent." *Id.* Plaintiffs maintained that additional

briefing was not necessary. *Id.* This Court directed the parties to re-brief the motion to dismiss. Dkt. Nos. 36–37.

On March 4, 2022, the Court granted Defendants' motion to dismiss, dismissing with prejudice Plaintiffs' seventeen claims against Defendants. Dkt. No. 58 at 90. The Court first held that all of Plaintiffs claims except for Counts One, Twelve, and Thirteen fell within the releases signed by Plaintiffs in various agreements. *Id.* at 28. The Court also held that, even if those claims were not released, the claims failed to state a claim for relief for a variety of additional reasons. *Id.* at 42–81, 86–90. The Court also dismissed Count One seeking declaratory judgment that certain transactions were ultra vires and void, Count Twelve for constructively fraudulent transfers under 11 U.S.C. §§ 548, 550, 551, and Count Thirteen for constructively voidable transfers under Georgia state law. *Id.* at 36–42, 82–86. As for Counts Twelve and Thirteen, the Court held that Plaintiffs failed to state a claim because they failed to plead facts to show that they were insolvent at the time of the transfer and because they failed to make non-conclusory allegations that the transfer was for other than reasonably equivalent value. *Id.* at 82–86.

In dismissing Plaintiff's Complaint with prejudice, the Court noted: "Plaintiffs request leave to amend their Complaint, Dkt. No. 46 at 1 n.1, but they identify no additional facts or legal theories that they might assert if given the opportunity to replead. For this reason and because the Court concludes that any amendment would be futile, the Complaint is dismissed with prejudice." *Id.* at 90 n.17; *see also* Dkt. No. 46 at 1 n.1 (stating, in a footnote in Plaintiffs' opposition to the motion to dismiss, that "if the Court is inclined to grant the Defendants' Motion in part or in full, Plaintiffs respectfully request an opportunity to amend the Complaint to address any issues identified by the Court").

After the Clerk of Court entered judgment for Defendants, Plaintiffs moved to amend the judgment and for leave to file a second amended complaint, Dkt. No. 67; Defendants filed a memorandum of law in opposition to the motion, Dkt. No. 73, and Plaintiffs filed a reply memorandum of law in support, Dkt. No. 70.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a district court "to alter or amend a judgment." Fed. R. Civ. P. 59(e).[2] This rule "enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The rule "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). The Second Circuit has explained that "under the rule 'district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice,' that the rule 'covers a broad range of motions,' and that 'the only real limitation on the type of motion permitted is that it must request a substantive alteration of the judgment, not merely the

---

[1] Due to an electronic filing error, the motion and the related papers were not properly docketed until April 22, 2022. *See* Dkt. Nos. 67–73. Plaintiffs' motion was originally filed on March 17, 2022, Dkt. No. 62; Defendants' opposition was originally filed on April 1, 2022, Dkt. No. 65; and Plaintiffs' reply was originally filed on April 8, 2022, Dkt. No. 66. Defendants do not raise the issue of timeliness in their opposition papers. The Court considers Plaintiffs' motion to amend the judgment to be timely filed on March 17, 2022 despite this technical filing error. *Cf. Shuler v. Garrett*, 715 F.3d 185, 185 (6th Cir. 2013) (concluding that Rule 59 motion was timely filed despite a technical error in the electronic filing of the motion that delayed when the motion was docketed); *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (holding that amended complaint was timely filed despite the clerk deeming the filing deficient).
[2] Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). By contrast, Federal Rule of Bankruptcy Procedure 9023 provides that, "[e]xcept as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code." Fed. R. Bankr. P. 9023. It continues, "[a] motion for a new trial or to alter or amend a judgment shall be field, and a court may on its own order a new trial, no later than 14 days after entry of judgment." *Id.* Because Plaintiffs' motion was filed ten days after entry of judgment, *see supra* note 1, and thus within the time periods provided by both rules, the Court need not address which rule applies.

correction of a clerical error, or relief of a type wholly collateral to the judgment.'" *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020) ("A court may grant a Rule 59(e) motion 'only when the [movant] identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."'" (alteration in original) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013))).

Furthermore, "[i]t is well established that 'a party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" *Metzler*, 970 F.3d at 142 (alterations adopted) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). "'[I]t would be contradictory to entertain a motion to amend the complaint' without 'a valid basis to vacate the previously entered judgment.'" *Id.* (alteration in original) (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)). "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011)). "In the post-judgment context, [the Second Circuit has] indeed given 'due regard' to the 'liberal spirit of Rule 15' by ensuring plaintiffs at least one opportunity to replead," but has "not given *sole* regard to Rule 15." *Id.* at 146 (quoting *Williams*, 659 F.3d at 213–14).

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave" and that "[t]he court should

5

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[3] The Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and "[t]he decision to grant leave to amend is within the sound discretion of the trial court," *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007).

## DISCUSSION

In Plaintiffs' motion to amend the judgment and for leave to file a second amended complaint, Plaintiffs request that the Court amend the judgment to provide for dismissal without prejudice and permit Plaintiffs to plead additional facts to support their fraudulent-transfer claims (Counts Twelve and Thirteen) and to add a new claim for fraudulent inducement under New York law. Dkt. No. 69 at 1–2. They argue that clear error resulting in manifest injustice was committed when Plaintiffs were denied leave to replead, despite not identifying proposed facts or theories in conjunction with their request to replead, given the lack of undue delay, bad faith, dilatory motive, and undue prejudice to Defendants, coupled with the Second Circuit's strong practice in favor of granting liberal opportunity to replead. *Id.* at 7–9. They also argue that the newly asserted allegations in their Proposed Second Amended Complaint ("PSAC"), Dkt. No. 68-1, show that granting leave to amend would not be futile. *Id.* at 9–24.

---

[3] Federal Rule of Bankruptcy Procedure 7015 provides that "Rule 15 F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7015. Because Federal Rule of Bankruptcy Procedure 7015 incorporates Federal Rule of Civil Procedure 15, the same standard applies, regardless of which rule applies.

Defendants respond that Plaintiffs fail to satisfy Rule 59(e)'s requirements to amend the judgment because the Court did not commit clear error in denying Plaintiffs' request for leave to amend that consisted of a one-sentence footnote and did not identify additional facts or legal theories, because Plaintiffs already amended their Complaint once and passed up other opportunities to seek leave to amend, and because Plaintiffs did not need the Court's ruling to identify the deficiencies in their fraudulent-transfer claims.  Dkt. No. 73 at 2–8.  Defendants also argue that, even if Plaintiffs could satisfy Rule 59(e), they unduly delayed in bringing the new allegations, prejudiced Defendants, and fail to state a claim with the new allegations.  *Id.* at 11–25.

Pursuant to Rule 59(e), Plaintiffs have sufficiently established that the Complaint should have been dismissed *without prejudice* as to Counts Twelve and Thirteen.  Though the Court dismissed all of Plaintiffs' claims for failing to state a claim, the Court also held that all of Plaintiffs' claims except for Counts One, Twelve, and Thirteen fell within the releases included in various agreements signed by Plaintiffs.[4]  In other words, Counts One, Twelve, and Thirteen are the only claims not barred by the releases.  In dismissing Counts Twelve and Thirteen for fraudulent transfer, the Court highlighted Plaintiffs' conclusory allegations and failure to plead facts sufficient to state a claim.  The Court's conclusion that any amendment would be futile should have provided an exception for Counts Twelve and Thirteen.

Because Plaintiffs have satisfied the standard to alter the judgment, the Court now grants Plaintiffs leave to file a second amended complaint to replead Counts Twelve and Thirteen for fraudulent transfer with the additional factual allegations identified in their PSAC.  Plaintiffs

---

[4] Because Plaintiffs do not seek to alter the judgment to replead Count One, the Court need not reconsider whether Count One should have been dismissed with or without prejudice.

now have the benefit of the Court's ruling on the deficiencies of their pleadings with respect to Counts Twelve and Thirteen. For this reason and because the Court cannot say that any amendment would be futile and because this Circuit favors an opportunity to replead after dismissal under Rule 12(b)(6), the Court grants Plaintiffs leave to replead Counts Twelve and Thirteen.

The Court, however, in its discretion denies leave to add a new claim for fraudulent inducement under New York law. Unlike with Counts Twelve and Thirteen, Plaintiffs did not need the benefit of the Court's decision to include these allegations in their pleadings. There was nothing preventing Plaintiffs from amending their Complaint to add this claim prior to the Court's decision granting Defendants' motion to dismiss. In fact, after the case was transferred from the Northern District of Georgia to the Southern District of New York, Defendants argued that re-briefing the motion to dismiss was necessary in part because "New York law, rather than Georgia law, applies to plaintiffs' tort claims." Dkt. No. 35 at 2. At that point (or any time after the case was transferred), Plaintiffs could have amended their Complaint to add this claim under New York law. Plaintiffs chose not to do so. In short, Plaintiffs have not convinced the Court why the Court should exercise its discretion to permit amendment given such undue delay.[5]

## CONCLUSION

The motion to amend the judgment and for leave to file a second amended complaint is GRANTED IN PART and DENIED IN PART. The judgment is altered such that the Complaint is dismissed without prejudice as to Counts Twelve and Thirteen, and Plaintiffs may replead only Counts Twelve and Thirteen for fraudulent transfer in accordance with the Proposed Second

---

[5] The Court has also reviewed the allegations in the PSAC related to the new claim for fraudulent inducement and notes that the allegations appear conclusory with respect to knowledge of the falsity of the alleged material misrepresentations and that amendment would likely be futile.

Amended Complaint filed at Dkt. No. 68-1. Plaintiffs shall file a second amended complaint no later than one week from the date of this Opinion and Order. Defendants need not respond to the claims that have already been dismissed; Defendants may either answer or move to dismiss Counts Twelve and Thirteen.

      The Clerk of Court is respectfully directed to close Dkt. No. 67 and to re-open the case.


      SO ORDERED.

Dated: July 6, 2022
      New York, New York

                                            LEWIS J. LIMAN
                                            United States District Judge